1  BRANCART & BRANCART
    Christopher Brancart (SBN 128475)
2    Elizabeth Brancart (SBN 122092)
   Post Office Box 686
3  Pescadero, CA 94060
   Tel:    (650) 879-0141
4  Fax:    (650) 879-1103
   cbrancart@brancart.com
5  ebrancart@brancart.com

6  Attorneys for Plaintiff
   Project Sentinel, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  PROJECT SENTINEL, INC.,            )   Case No. C 08-01396 EMC
                                       )
12                                     )   COMPLAINT FOR MONETARY,
            Plaintiff,                 )   DECLARATORY, AND INJUNCTIVE
13                                     )   RELIEF; CERTIFICATION OF
        vs.                            )   INTERESTED ENTITIES OR
14                                     )   PERSONS
                                       )
15  HENRY HALLER, individually         )
    and dba HALLER MANAGEMENT          )
16  COMPANY; and KATHERINE             )
    SIMPSON,                           )
17                                     )
            Defendants.                )
18  _____)

19                        I.  INTRODUCTION

20          1.  This action seeks monetary, declaratory and injunctive relief against the

21  owner and operator of a residential apartment building located in San Francisco,

22  California, for discriminating against families with children on the basis of familial status

23  in violation of the federal Fair Housing Act and related state laws.

24        II.  JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

25          2.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 in that

26  the claims alleged herein arise under the laws of the United States.  This Court has

27  supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiff's

28  state law claims because those claims are related to plaintiff's federal law claims and

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1  arise out of a common nucleus of related facts.  Plaintiff's state law claims are related

2  to plaintiff's federal law claims such that those claims form part of the same case or

3  controversy under Article III of the United States Constitution.

4      3.  Venue is proper in the United States District Court for the Northern District of

5  California because the claims alleged herein arose within the City and County of San

6  Francisco, California.

7      4.  Pursuant to Civil Local Rule 3-2, this action is properly assigned to the San

8  Francisco Division of the United States District Court for the Northern District of

9  California because the claims alleged herein arose within San Francisco, California.

10              **III.  <u>PARTIES</u>**

11     5.  Plaintiff Project Sentinel is a nonprofit corporation organized under the laws of

12  the State of California with its principal place of business located at 430 Sherman

13  Avenue in Palo Alto, California.  Project Sentinel provides fair housing services

14  throughout San Francisco.  Its mission is to promote fair housing throughout its service

15  area, including San Francisco, by working to guarantee all people equal access to

16  housing opportunities and by working to create and maintain integrated housing

17  patterns.  One of its specific purposes and goals is the elimination of all forms of illegal

18  housing discrimination.  To this end, the activities in which Project Sentinel engages

19  include, but are not limited to:  (1) investigating allegations of discrimination; (2)

20  conducting tests of housing facilities to determine whether equal opportunity in housing

21  is provided; (3) taking such steps as it deems necessary to assure such equal

22  opportunity and to counteract and eliminate discriminatory housing practices; and, (4)

23  providing outreach and education to the community regarding fair housing.

24     6.  Plaintiff is informed and believes and thereon alleges that defendant Henry

25  Haller, individually and doing business as Haller Management Company, is a resident

26  of San Mateo, California.  Plaintiff is informed and believes and thereon alleges that

27  defendant Katherine Simpson is a resident of San Francisco, California.

28     7.  At all times relevant herein, defendant Katherine Simpson has owned the

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

property located at 2560 Polk Street in San Francisco (hereafter referred to as the "Polk Street" building).  The Polk Street building consists of 12 apartment units offered for rent to members of the general public.  Those apartments constitute dwellings and housing accommodations within the meaning of the federal Fair Housing Act and the California Fair Employment and Housing Act.

8.  Plaintiff is informed and believes and thereon alleges that defendant Henry Haller, doing business as Haller Management Company, acts as the property manager operating the Polk Street building, and has done so at all times relevant herein, employed by defendant Katherine Simpson as her managing agent.  Defendant Henry Haller relies on agents to assist him in the operation of the Polk Street building.

9.  Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, each and every defendant is and was, in doing the things complained of herein, the agent of its co-defendants herein and was acting within the scope of said agency and/or representation, and that each and every defendant herein is jointly and severally responsible and liable to plaintiff for the damages hereinafter alleged.

## IV.  <u>FACTS</u>

### A.  Introduction

10.  Defendants, acting individually or in concert, directly or through agents, have engaged in a pattern or practice of discrimination against families with children on account of familial status.  Defendants have pursued this pattern or practice of discrimination with the purpose or effect of excluding families with children from residing at the Polk Street building.  Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.  Defendants' illegal acts include, but are not limited to:

A.    Discriminating in the rental of, or otherwise making unavailable or denying, a dwelling to any renter because of familial status;

B.    Restricting or attempting to restrict the choices of a person by word

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1    or conduct in connection with seeking, negotiating for, or renting a

2    dwelling, because of familial status;

3    C.    Discouraging any person from inspecting or renting a dwelling

4          because of familial status;

5    D.    Discouraging the rental of a dwelling because of familial status by

6          exaggerating drawbacks or failing to inform any person of desirable

7          features of a dwelling;

8    E.    Limiting information, by word or conduct, regarding suitably priced

9          dwellings available for inspection or rental because of familial

10         status;

11   F.    Providing false or inaccurate information regarding the availability

12         of a dwelling for rental to any person, including testers, regardless

13         of whether such person is actually seeking housing, because of

14         familial status; and

15   G.    Making statements with respect to the rental of a dwelling that

16         indicate a preference, limitation, or discrimination based on familial

17         status, or an intention to make any such preference, limitation, or

18         discrimination.

19                   **B.  Discrimination, Investigation, and Education**

20         11.  On February 28, 2007, Project Sentinel received a complaint from a single

21   mother with a two-year-old son reporting discrimination at the Polk Street building.  The

22   complainant advised Project Sentinel that on February 27, 2007, she had contacted

23   defendant Henry Haller regarding an apartment for rent at the Polk Street building.

24   Complainant learned about the rental from Craigslist, which had listed the contact

25   telephone numbers as (650) 573-0570, (650) 796-4338 and (415) 990-0570.  When the

26   complainant called the (650) 573-0570 number, she spoke with defendant Henry Haller,

27   who told her she could view the apartment by contacting the current residents.  After

28   viewing the apartment, the complainant called Mr. Haller again, expressing interest in

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;**
**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

renting the unit.  Mr. Haller asked who would be living in the apartment. The

complainant told Mr. Haller that she would be occupying the apartment with her two-

year-old son who would be there on a half-time basis as part of a shared custody

arrangement.  Mr. Haller stated that he didn't think the owners would like that.  He

added that "there were a lot of single persons, married couples and older people in the

complex," and that "it wouldn't be good for a child."

12.  In response to the complainant's allegations of discrimination, Project

Sentinel investigated the operation of the Polk Street building using fair housing testers.

The testing corroborated the complainant's report of discrimination in the operation of

the Polk Street building on the basis of familial status.

13.  On February 28, 2007, at approximately 12:13 p.m., Tester One, posing as

a single mother with a three-year-old son, telephoned (650) 573-0570 and spoke with a

man who identified himself as Bill.  Bill said that the manager, Harry, was out of town,

but confirmed that the apartment listed on Craigslist was still available for rent.  Tester

One stated that she was interested in the apartment for herself and her three-year-old

son.  Bill replied, "Well, it's not a good place for a child."  Bill stated that the apartment

had a small yard that was not child-proof, allowing a child access to underneath the

house.  Bill told the tester she could come see the unit, but that she would see what he

meant about the fencing.  He further advised her that there would be an open house on

the upcoming Saturday between 10:30 a.m. and noon.  Plaintiffs are informed and

believe and thereon allege that during this conversation Bill was acting as the agent for

defendant Henry Haller, whom he referred to as Harry, and defendant Katherine

Simpson, within the scope of his agency.

14.  On February 28, 2007, at 4:00 p.m., Tester Two, posing as a married

woman without children, telephoned (650) 573-0570 and spoke with Bill.  Bill said that

the manager, Harry, was out of town and that he was handling calls for the rental on his

behalf.  Tester Two told Bill that she was looking for an apartment for herself and her

husband.  Bill stated that the apartment listed on Craigslist was still available and that

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;**
**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1    he was making appointments to show it between 10:00 a.m. and 12:00 p.m. on the

2    upcoming Saturday.  Bill then added that he could show it to her sooner if she was

3    interested.  Plaintiffs are informed and believe and thereon allege that during this

4    conversation Bill was acting as the agent for defendant Henry Haller, whom he referred

5    to as Harry, and defendant Katherine Simpson, within the scope of his agency.

6        15.  On March 5, 2007, at 1:15 p.m., Tester Three, posing as a single mother

7    with a four-year-old son, telephoned and spoke with a man who identified himself as

8    Henry Haller.  Tester Three stated that she was looking for an apartment for herself and

9    her four-year-old son and asked if the apartment listed on Craigslist was still available

10   for rent.  Mr. Haller stated that the apartment was still available, but that he would not

11   rent to someone with a four-year-old.  When Tester Three asked if she could view the

12   apartment, Mr. Haller replied "no," because "it wouldn't be worth either of our time

13   because I would not rent to someone with a four-year-old child."

14       16.  On March 5, 2007, at 2:54 p.m., Tester Four, posing as a married woman

15   without children, telephoned (650) 796-4338 and spoke with Henry Haller, who

16   identified himself as the property manager.  Tester Four stated that she was looking for

17   an apartment for herself and her husband, and asked if the apartment listed on

18   Craigslist was still available for rent.  Mr. Haller said yes, and described the as "a nice

19   place," with a "nice patio."  Tester Four said she would drive by the apartment with her

20   husband, and then call him back.

21       17.  Upon corroborating the complainant's report that defendants engage in

22   discriminatory housing practices, Project Sentinel conducted education and outreach

23   efforts to local housing providers and day care operators by distributing fair housing

24   materials.  These materials described the requirements of the federal Fair Housing Act

25   generally and the prohibition against familial status discrimination in particular.

**C.  Injury**

27       18.  As a result of defendants' discriminatory conduct, Project Sentinel has

28   diverted resources:  (1) to investigate and determine the existence, nature and extent of

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;**
**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1   defendants' discriminatory housing practices; (2) to educate and perform outreach to

2   counteract defendants' discrimination; and (3) to protect the fair housing rights of their

3   members, associates and constituents from the continued discrimination of the

4   defendants.

5        19.  As a result of defendants' unlawful acts and practices, Project Sentinel has

6   suffered injury to its ability to carry out its purpose and to serve the public in its efforts to

7   eliminate housing discrimination, to resolve fair housing disputes, to make available

8   decent housing for persons regardless of familial status and to assure rights to the

9   important social, professional, business, economic and political benefits of associations

10  that arise from living in a community free from discrimination.  Defendants' unlawful

11  acts and practices also have caused Project Sentinel to suffer economic losses and

12  out-of-pocket expenditures, incurring costs in efforts to counteract and eliminate

13  discriminatory housing practices.  Accordingly, Project Sentinel is entitled to

14  compensatory damages.

15       20.  In doing the acts of which plaintiff complains, defendants acted with

16  conscious or reckless disregard of the federally protected rights of plaintiff.  Accordingly,

17  plaintiff is entitled to punitive damages.

18       21.  There now exists an actual controversy between the parties regarding

19  defendants' duties under the federal and state fair housing laws.  Accordingly, plaintiff is

20  entitled to declaratory relief.

21       22.  Unless enjoined, defendants will continue to engage in the unlawful acts and

22  the pattern or practice of discrimination described above.  Plaintiff has no adequate

23  remedy at law. Plaintiff is now suffering and will continue to suffer irreparable injury from

24  defendants' acts and their pattern or practice of discrimination unless relief is provided

25  by this Court.  Accordingly, plaintiff is entitled to injunctive relief.

26  //

27  //

28  //

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;**
**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1

## V.  CLAIMS

## A.  FIRST CLAIM

## [Fair Housing Act]

23.  Plaintiff realleges and incorporates by reference all previous paragraphs of this complaint.

24.  Defendants have injured plaintiff by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

## B.  SECOND CLAIM

## [California Fair Employment and Housing Act]

25.  Plaintiff realleges and incorporates by reference all previous paragraphs in this complaint.

26.  Defendants have injured plaintiff by committing discriminatory housing practices in violation of the California Fair Employment and Housing Act, California Government Code §§ 12927 and 12955, et seq.

## VI.  RELIEF

Wherefore, plaintiff prays for entry of judgment against defendants that:

1.  Awards compensatory and punitive damages according to proof;

2.  Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;

3.  Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of familial status;

//

//

//

//

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

1    4.  Awards costs of this action, including reasonable attorneys' fees; and,

2    5.  Awards all such other relief as the Court deems just.

3    Dated: March 10, 2008.

4                                        BRANCART & BRANCART

5

6                                        /s/ _____
                                         Elizabeth Brancart
7                                        Attorneys for Plaintiff

8

## VII.  CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

9
        Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date,
10
other than the named parties, there is no such interest to report.
11
        Dated:   March 10, 2008.
12
                                         BRANCART & BRANCART
13

14
                                         /s/ _____
15                                       Elizabeth Brancart
                                         Attorneys for Plaintiff
16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**