BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  Elizabeth Brancart (SBN 122092)
  Liza Cristol-Deman (SBN 190516)
Post Office Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:   (650) 879-1103
cbrancart@brancart.com
ebrancart@brancart.com
lcristoldeman@brancart.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT SENTINEL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>HENRY HALLER, individually and dba HALLER MANAGEMENT COMPANY; and KATHERINE SIMPSON,<br><br>Defendants. | Case No. C 08-01396 EMC<br><br>PLAINTIFF'S CASE MANAGEMENT STATEMENT; DECLARATION OF ELIZABETH BRANCART; UPDATED DECLARATION OF LIZA CRISTOL-DEMAN RE NON-COOPERATION OF DEFENDANTS' COUNSEL IN PREPARING JOINT DOCUMENTS<br><br>**Case Management Conference:**<br>Date:  July 2, 2008<br>Time:  1:30 p.m.<br>Room:  Courtroom C, 15th Floor |

Pursuant to Local Rule 16-9 and the standing order for all judges of the Northern District of California, plaintiff Project Sentinel hereby submits its separate case management statement.

Defendant Katherine Simpson has filed an answer to the complaint through her attorney of record, Paul Utrecht.  Mr. Utrecht has not responded to repeated requests by plaintiff's counsel to schedule the Rule 26(f) meeting of counsel, to confer regarding ADR documents, and to prepare a joint case management statement.  Declarations of plaintiff's counsel Elizabeth Brancart ("Brancart Dec.") and Liza Cristol-Deman ("Cristol-

1  Deman Dec.")[1] regarding attempts to confer with Mr. Utrecht are filed herewith.

2  Defendant Henry Haller, individually and doing business as Haller Management
3  Company, has not been served with the summons and complaint.  Mr. Utrecht
4  previously informed plaintiff's counsel that Mr. Haller received the complaint by mail and
5  intended to return the acknowledgment of mail service pursuant to California Civil Code
6  § 415.30.  (See Brancart Dec. ¶¶ 6, 9.)  Despite Mr. Utrecht's representation, plaintiff's
7  counsel has not received any service acknowledgment from Mr. Haller, and neither Mr.
8  Utrecht nor anyone else has made an appearance for Mr. Haller.

9  **1.    Jurisdiction and Service:**

10 This Court has federal question jurisdiction over plaintiff's claims under the
11 federal Fair Housing Act, 42. U.S.C. § 3601 et seq., and supplemental jurisdiction over
12 plaintiff's state law claims under the California Fair Employment and Housing Act,
13 California Government Code §§ 12927 and 12955, et seq. ("FEHA").

14 There are no special issues with respect to venue or personal jurisdiction.

15 Defendant Henry Haller has not yet appeared.  Plaintiff is still attempting to serve
16 him personally, as he failed to return the acknowledgment of mail service pursuant to
17 California Civil Code § 415.30.

18 **2.    Facts:**

19 This is a fair housing case.  Plaintiff Project Sentinel, Inc. is a California nonprofit
20 corporation with its primary place of business located in Palo Alto, California.  Project
21 Sentinel provides fair housing services throughout San Francisco.

22 Defendant Katherine Simpson owns the 12-unit apartment building located at
23 2560 Polk Street in San Francisco (hereafter referred to as the "Polk Street" building).
24 The Polk Street building is a dwelling and a housing accommodation within the meaning

---

26  [1] Ms. Brancart's Declaration was previously filed as an attachment to plaintiff's
27  notice of need for ADR Phone Conference (Document 8).  Ms. Cristol-Deman also filed a similar declaration with Document 8, but her declaration has been updated to reflect
28  that defendants' counsel still has not made contact.  (Cristol-Deman Dec. ¶6.)

1  of the federal Fair Housing Act and FEHA.  Defendant Henry Haller, individually and
2  doing business as Haller Management Company, is the property manager of the Polk
3  Street building and is the managing agent for owner Katherine Simpson.
4      Plaintiff Project Sentinel brought this action seeking monetary, declaratory and
5  injunctive relief to address discrimination based on familial status in the operation of the
6  Polk Street building.  It alleges that defendants have discriminated against families with
7  children by refusing to rent to families with children and making statements indicating a
8  limitation on families with children because of their familial status.
9      These discriminatory housing practices originally came to light in February 2007,
10 when Project Sentinel received a complaint from a single mother with a small child who
11 alleged that Henry Haller had refused to rent a unit to her at the Polk Street building
12 because of her familial status.  In response to that complaint, Project Sentinel
13 conducted fair housing testing.  That testing showed that Mr. Haller refused to rent to
14 families with children at the Polk Street building, and made an unequivocal statement to
15 the effect that he "would not rent to someone with a four-year-old child."  The testing
16 also showed that testers without children were encouraged to view the unit, while
17 testers with children were discouraged from doing so.
18      When it discovered this evidence corroborating the complainant's report that
19 defendants engage in discriminatory housing practices, Project Sentinel conducted
20 education and outreach efforts to local housing providers and day care operators by
21 distributing fair housing materials.
22   **3.   Legal Issues:**
23 Plaintiff contends that defendants committed discriminatory housing practices in
24 violation of the Fair Housing and FEHA by:
25      A. Discriminating in the rental of, or otherwise making unavailable
26      or denying, a dwelling to any renter because of familial status (42 U.S.C. §
27      3604(a); 24 C.F.R. § 100.50(b)(3); Cal. Govt. Code §§ 12955(a), (d) and
28      (k) and 12955.6);

1      B.  Refusing to negotiate for the rental of a dwelling because of
2  familial status (42 U.S.C. § 3604(a); 24 C.F.R. § 100.60(b)(2); Cal. Govt.
3  Code §§ 12927(c)(1) and § 12955(a), (d) and (k) and 12955.6);
4      C.  Restricting or attempting to restrict the choices of a person by
5  word or conduct in connection with seeking, negotiating for, or renting a
6  dwelling, because of familial status (42 U.S.C. § 3604(a); 24 C.F.R. §
7  100.70(a); Cal. Govt. Code  §§ 12955(a), (d) and (k) and 12955.6);
8      D.  Discouraging any person from inspecting or renting a dwelling
9  because of familial status (42 U.S.C. § 3604(a) and (b); 24 C.F.R. §
10  100.70(c)(1); Cal. Govt. Code §§ 12955(a), (d) and (k) and 12955.6);
11      E.  Discouraging the rental of a dwelling because of familial status
12  by exaggerating drawbacks or failing to inform any person of desirable
13  features of a dwelling (42 U.S.C. § 3604(a) and (d); 24 C.F.R. §
14  100.70(c)(1); Cal. Govt. Code §§ 12955(a), (d) and (k) and 12955.6);
15      F.  Limiting information, by word or conduct, regarding suitably
16  priced dwellings available for inspection or rental because of familial
17  status (42 U.S.C. § 3604(a) and (d); 24 C.F.R. § 100.80(b)(4); Cal. Govt.
18  Code §§ 12955(a), (d) and (k) and 12955.6);
19      G.  Providing false or inaccurate information regarding the
20  availability of a dwelling for rental to any person, including testers,
21  regardless of whether such person is actually seeking housing, because
22  of familial status (42 U.S.C. § 3604(d); 24 C.F.R. § 100.80(b)(5); Cal.
23  Govt. Code §§ 12955(a), (d) and (k) and 12955.6); and
24      H.  Making statements with respect to the rental of a dwelling that
25  indicate a preference, limitation, or discrimination based on familial status,
26  or an intention to make any such preference, limitation, or discrimination
27  (42 U.S.C. § 3604(c); 24 C.F.R. § 100.75; Cal. Govt. Code §§ 12955(c)
28  and 12955.6).

    Plaintiff Project Sentinel has standing to assert a violation of the Fair Housing Act and FEHA on its own behalf.  A fair housing organization, such as Project Sentinel, qualifies as an "aggrieved person" under both the federal and state laws for purposes of bringing suit if it alleges that it has been injured by a discriminatory housing practice. <u>Fair Housing of Marin v. Combs</u>, 285 F.3d 899, 905 (9th Cir. 2002); <u>Sisemore v. Master Financial, Inc.</u>,151 Cal. App.4th 1386, 1424 (2007).  Direct standing to sue is accorded to a fair housing organization that shows a drain on its resources or frustration of its mission because of a defendant's discriminatory housing practices.  <u>Fair Housing of Marin</u>, 285 F.3d at 905.

**4.** **Motions:**

There are no motions pending, and no motions have been brought to date.

**5.** **Amendment of Pleadings:**

Plaintiff does not contemplate a need to amend the pleadings at this time, but reserves the right to do so should additional information be discovered that supports amendment.

Plaintiff proposes a deadline of December 12, 2008, to amend the pleadings.

**6.** **Evidence Preservation:**

Plaintiff is aware of the duty to preserve all documents and things relevant to the facts alleged in this case.

**7.** **Disclosures:**

Plaintiff intends to serve its initial disclosures on June 25, 2008, in light of the Court's order continuing the case management conference to July 2, 2008.

Plaintiff plans to take depositions of defendants Henry Haller and Katherine Simpson.  If the case does not reach an early resolution, plaintiff may take a limited number of other depositions of relevant witnesses.

Plaintiff does not believe there is good cause to modify the rules governing the maximum number of discovery requests and depositions.

**8.** **Class Actions:**

1       Not applicable.

2       **9.      Related Cases:**

3       None.

4       **10.     Relief:**

5       Plaintiff seeks compensatory damages, punitive damages, injunctive relief,
6   declaratory relief, and an award of attorneys' fees and costs if it is the prevailing party.
7   Plaintiff's damages are calculated based on the diversion of its resources and
8   frustration of its mission.  See Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th
9   Cir. 2002); Sisemore v. Master Financial, Inc.,151 Cal. App.4th 1386, 1424 (2007)

10      **11.     Settlement and ADR:**

11      Pursuant to the request of defendants' counsel, made in April 2008, plaintiff sent
12  defendants' counsel a written settlement demand on May 12, 2008.  Plaintiff has not
13  received any response from defendants.

14      Plaintiff filed a unilateral request for an ADR Phone Conference, because
15  defendants' counsel did not respond to plaintiff's counsel's request to confer regarding
16  methods of ADR.   (Cristol-Deman Dec. ¶ 5.)  Plaintiff believes that the most effective
17  method of resolving fair housing cases such as this one is by referral to a magistrate
18  judge for an early settlement conference.  If no referral to a magistrate judge is ordered,
19  plaintiff requests mediation.

20      **12.     Consent to Magistrate Judge for All Purposes:**

21      On June 10, 2008, plaintiff filed a form consenting to assignment to a magistrate
22  judge.

23      **13.     Other References:**

24      This case is not suitable for reference to binding arbitration, a special master, or
25  the Judicial Panel on Multidistrict Litigation.

26      **14.     Narrowing of Issues:**

27      Plaintiff contemplates serving requests for admissions or other discovery in order
28  to determine whether there are critical facts that are not in dispute.  If so, plaintiff

**PLAINTIFF'S CASE MANAGEMENT STATEMENT; DECLARATION OF ELIZABETH BRANCART; UPDATED DECLARATION OF LIZA CRISTOL-DEMAN RE NON-COOPERATION OF DEFENDANTS' COUNSEL -  Case No. 08-01396 EMC**                                                                                                  **6**

anticipates filing a motion for partial summary judgment.

**15.    Expedited Schedule:**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**16.    Scheduling:**

| Event | Date |
| --- | --- |
| Expert designation | April 10, 2009 |
| Rebuttal expert designation | May 22, 2009 |
| Non expert Discovery Cut Off | June 19, 2009 |
| Expert Discovery Cut Off | July 17, 2009 |
| Hearing of Dispositive Motions | Wednesday, July 29, 2009 |
| Pretrial Conference | Wednesday, August 19, 2009 |
| Trial | September 2009 |

**17.    Trial:**

Defendant Katherine Simpson has requested a jury trial. Plaintiff anticipates that the trial will last approximately four days.

**18.    Disclosure of Non-party Interested Entities or Persons.**

Plaintiff has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16. (Doc. 1, p. 9.) In that certification, plaintiff stated: "Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

**19.    Other:**

In light of defendants' refusal to participate in the Rule 26(f) meeting and to assist in the preparation of joint documents, plaintiff requests an order of the Court

///

///

1  permitting plaintiff to serve discovery before the Rule 26(f) meeting of counsel.  A
2  proposed order is filed herewith.
3      Dated:  June 24, 2008.
4                             Respectfully submitted,
5                             BRANCART & BRANCART
6
7
                              /s/ Liza Cristol-Deman
8                             Liza Cristol-Deman
                              Attorneys for Plaintiff
9

```
 1 │ BRANCART & BRANCART
   │   Christopher Brancart (SBN 128475)
 2 │   Elizabeth Brancart (SBN 122092)
   │   Liza Cristol-Deman (SBN 190516)
 3 │ Post Office Box 686
   │ Pescadero, CA 94060
 4 │ Tel:   (650) 879-0141
   │ Fax:   (650) 879-1103
 5 │ cbrancart@brancart.com
   │ ebrancart@brancart.com
 6 │ lcristoldeman@brancart.com
 7 │ Attorneys for Plaintiff
   │ Project Sentinel, Inc.
 8 │
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PROJECT SENTINEL, INC., | Case No. C 08-01396 EMC |
|---|---|
| Plaintiff, | DECLARATION OF ELIZABETH BRANCART RE NON-COOPERATION OF DEFENDANTS' COUNSEL IN PREPARING JOINT DOCUMENTS |
| vs. | |
| HENRY HALLER, individually and dba HALLER MANAGEMENT COMPANY; and KATHERINE SIMPSON, | |
| Defendants. | |

I, Elizabeth Brancart, do hereby declare:

1. I am an attorney at law admitted to practice before this Court and in the courts of the State of California, and I am one of the lead attorneys for plaintiff Project Sentinel in this action. I have personal knowledge of the matters set forth herein, and if called to testify, would and could competently testify to them.

2. Plaintiff filed the Complaint in this matter on March 11, 2008. On March 13, 2008, I sent out the summons and complaint to be personally served on defendants Harry Haller and Katherine Simpson. On April 2, 2008, I received notification from the process server that numerous service attempts on both defendants were unsuccessful.

DECLARATION OF ELIZABETH BRANCART RE NON-COOPERATION OF DEFENDANTS' COUNSEL IN
PREPARING JOINT DOCUMENTS - CASE NO. C-08-01396 EMC

1



1  I then sent out the summons and complaint to both defendants by mail and requested
2  that they return a notice and acknowledgment of service by mail.
3       3.   Defendant Katherine Simpson acknowledged service by mail on April 16,
4  2008. I did not receive any acknowledgment from Mr. Haller.
5       4.   In mid-April 2008, I received a message on my voice mail from attorney
6  Paul Utrecht. Mr. Utrecht stated that Mr. Haller was currently in his office, and that he
7  wanted to discuss the case with me. I returned his call, but I was unable to reach Mr.
8  Utrecht. I left him a message on his voice mail.
9       5.   In early May 2008, I received another voice mail from Mr. Utrecht
10 requesting a demand from plaintiff and inquiring about the nature of the service
11 of the summons and complaint on Mr. Haller. On May 5, 2008, I sent an email to Mr.
12 Utrecht describing our attempts to serve Mr. Haller in person and by mail along with
13 supporting documentation.
14      6.   On May 12, 2008, I sent an email to Mr. Utrecht attempting to confirm that
15 he represented defendants Haller and Simpson, and inquiring about the notice and
16 acknowledgment of mail service on Mr. Haller. Mr. Utrecht responded by email on the
17 same date, stating that he represented Mr. Haller for the purposes of attempting to
18 settle the case, but was uncertain if he would represent either Haller or Simpson in the
19 litigation. He stated that he would like to determine whether he was representing
20 Haller "before Mr. Haller returns his acknowledgment of service."
21      7.   In a separate email on May 12, 2008, I sent Mr. Utrecht plaintiff's
22 settlement demand, as he had requested. I also mailed the demand to him. In the
23 email, I stated that May 28th was the last day to conduct the Rule 26 and ADR
24 certification meeting under the Court's schedule. I did not receive any response from
25 Mr. Utrecht regarding plaintiff's demand or the meeting of counsel.
26      8.   On May 15, 2008, I sent a letter to Mr. Utrecht via email and U.S. mail
27 reminding him that we were still awaiting the notice and acknowledgment of mail service
28 from Mr. Haller, and the answer to the complaint from Ms. Simpson.

**DECLARATION OF ELIZABETH BRANCART RE NON-COOPERATION OF DEFENDANTS' COUNSEL IN PREPARING JOINT DOCUMENTS - CASE NO. C-08-01396 EMC**

2

9. On May 16, 2008, I received an email from Mr. Utrecht confirming that he would be representing both Mr. Haller and Ms. Simpson. He requested a two-week extension to respond to the complaint for Ms. Simpson. He also stated that Mr. Haller would return the notice and acknowledgment "next week." Despite that agreement, I have not received the notice and acknowledgment from Mr. Haller.

10. On May 28, 2008, I sent an email to Mr. Utrecht regarding the parties' need to meet and confer to prepare joint documents including the Rule 26(f) report. I suggested June 3, 2008 at 10:00 a.m. as a date and time for the phone conference. Mr. Utrecht did not respond to this email.

11. On May 30, 2008, we received Defendant Katherine Simpson's Answer to Plaintiff's Complaint via email pursuant to the Court's ECF program. Mr. Utrecht is listed as counsel of record for Ms. Simpson. After I received Ms. Simpson's answer to the complaint, I sent an email to Mr. Utrecht asking about the notice of acknowledgment of mail service from Mr. Haller, which Mr. Utrecht represented would be returned during the week of May 19, 2008. I also stated that we would renew our efforts to serve him personally if we did not receive the notice and acknowledgment immediately. I did not receive any response to my email.

12. On June 3, 2008 at approximately 10:00 a.m., the date and time I had suggested for our meeting of counsel, I called Mr. Utrecht to attempt to meet and confer. I was informed that he was unavailable. I left a message on his voice mail stating that I was calling to conduct the Rule 26 meeting of counsel.

13. I did not receive any return phone call, email, or other communications from Mr. Utrecht or anyone else on behalf of defendants. On June 10, 2008, I asked my law partner, Liza Cristol-Deman, to continue our efforts to confer with Mr. Utrecht.

14. I contacted the process server in early June and requested that they renew their efforts to serve Mr. Haller with the summons and complaint in person. Those attempts at personal service have failed. To date, Mr. Haller has not been served in person and has not returned the notice and acknowledgment of service by

DECLARATION OF ELIZABETH BRANCART RE NON-COOPERATION OF DEFENDANTS' COUNSEL IN PREPARING JOINT DOCUMENTS - CASE NO. C-08-01396 EMC

3

1  mail.

2      15.    Other than Ms. Simpson's answer to the complaint, I have not heard from

3  Mr. Utrecht or anyone else on behalf of either defendant since May 16, 2008.

4      I declare under penalty of perjury under the laws of the United States that the

5  foregoing is true and correct.

6      Executed this 20th day of June, 2008, in Loma Mar, California.

*[signature]*

Elizabeth Brancart

---

DECLARATION OF ELIZABETH BRANCART RE NON-COOPERATION OF DEFENDANTS' COUNSEL IN PREPARING JOINT DOCUMENTS - CASE NO. C-08-01396 EMC

4

```
 1  BRANCART & BRANCART
       Christopher Brancart (SBN 128475)
 2     Elizabeth Brancart (SBN 122092)
       Liza Cristol-Deman (SBN 190516)
 3  Post Office Box 686
    Pescadero, CA 94060
 4  Tel:   (650) 879-0141
    Fax:   (650) 879-1103
 5  cbrancart@brancart.com
    ebrancart@brancart.com
 6  lcristoldeman@brancart.com

 7  Attorneys for Plaintiff
    Project Sentinel, Inc.
 8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT SENTINEL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HENRY HALLER, individually and dba HALLER MANAGEMENT COMPANY; and KATHERINE SIMPSON, <br><br> Defendants. | Case No. C 08-01396 EMC <br><br> UPDATED DECLARATION OF LIZA CRISTOL-DEMAN RE NON-COOPERATION OF DEFENDANTS' COUNSEL IN PREPARING JOINT DOCUMENTS |

I, Liza Cristol-Deman, do hereby declare:

1. I am an attorney at law admitted to practice before this Court and in the courts of the State of California, and I am one of the lead attorneys for plaintiff Project Sentinel in this action. I have personal knowledge of the matters set forth herein, and if called to testify, would and could competently testify to them.

2. On June 10, 2008, I attempted to reach defendant Katherine Simpson's attorney of record, Paul Utrecht, by phone. I was informed that he was not in the office. I left a message on his voice mail stating that I wanted to discuss the status of the service of the summons and complaint on Mr. Haller, and that we needed to conduct

UPDATED DECLARATION OF LIZA CRISTOL-DEMAN RE NON-COOPERATION OF DEFENDANTS' COUNSEL IN PREPARING JOINT DOCUMENTS - CASE NO. C-08-01396 EMC

EXHIBIT 2

1

1. the Rule 26 meeting of counsel. I did not receive any call back from Mr. Utrecht or anyone on behalf of defendants.

2. 3. On the morning of June 11, 2008, I sent an email to Mr. Utrecht at the email address provided on the Court's ECF system requesting to discuss the service of the summons and complaint on Mr. Haller, and the Rule 26 meeting of counsel. I stated that I would be available to participate in the Rule 26 meeting until 2:30 p.m. I asked him to provide me with alternative dates and times if he was unavailable on that date. I also stated that I would file a declaration of non-cooperation pursuant to Local Rule 16-9(b) if I did not hear from him by June 18, 2008. I did not receive any phone call, email or other communication from Mr. Utrecht in response.

3. 4. On June 13, 2008, I asked my assistant, Tom Kayes, to send a letter to Mr. Utrecht attaching a copy of my email to ensure that Mr. Utrecht received it. Mr. Kayes sent a letter to Mr. Utrecht via fax and United States mail on June 13, 2008, attaching a copy of my June 11, 2008 email. We received a confirmation from our fax machine indicating that the fax was successfully transmitted. We did not receive any call or email in response from Mr. Utrecht.

4. 5. At approximately 10:00 a.m. on June 20, 2008, I again tried to reach Mr. Utrecht by phone. I was informed that he was not in the office. I stated that my call was urgent and that I needed to speak to someone as soon as possible regarding this case. I was transferred to the voice mail for Mr. Utrecht's assistant, Alicia. I left a message for Alicia advising her that we had received a notice from the Court directing us to meet and confer immediately and to file the ADR Stipulation. I stated that I needed to speak to Mr. Utrecht or someone else in his office as soon as possible.

5. 6. I have not received any calls, messages, or correspondence from Mr. Utrecht, his assistant, or anyone else in his office in response to any of the phone messages, faxes, emails, or letters I have sent them. Because of Mr. Utrecht's non-cooperation, I have prepared a separate case management statement on behalf of Project Sentinel.

UPDATED DECLARATION OF LIZA CRISTOL-DEMAN RE NON-COOPERATION OF DEFENDANTS' COUNSEL
IN PREPARING JOINT DOCUMENTS - CASE NO. C-08-01396 EMC

2

1 |     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed this 24th day of June, 2008, in Loma Mar, California.

_____
Liza Cristol-Deman

UPDATED DECLARATION OF LIZA CRISTOL-DEMAN RE NON-COOPERATION OF DEFENDANTS' COUNSEL IN PREPARING JOINT DOCUMENTS - CASE NO. C-08-01396 EMC

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT SENTINEL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HENRY HALLER, individually and dba HALLER MANAGEMENT COMPANY; and KATHERINE SIMPSON, <br><br> Defendants. | Case No. C 08-01396 EMC <br><br> [PROPOSED] CASE MANAGEMENT ORDER |

    Following the Initial Case Management Conference held on July 2, 2008, IT IS HEREBY ORDERED THAT:

    Plaintiff may begin serving discovery requests on defendant Katherine Simpson. Plaintiff has made diligent and reasonable efforts to conduct the meeting of counsel as required by Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16-3. Based on the declarations of counsel filed by plaintiff, the Court finds that defendant Simpson, through her counsel of record, has not cooperated in scheduling the meeting of counsel and preparing joint documents. Accordingly, the Court finds good cause to permit plaintiff to serve discovery requests on defendant Katherine Simpson despite the fact that the meeting of counsel has not taken place. Plaintiff shall comply with the limits on discovery set forth in Rules 26, 30, 33, and 34 of the Federal Rules of Civil Procedure.

///

///

///

1 | The Court issues the following additional orders:

5 | IT IS SO ORDERED.

6 | Dated:   July 2, 2008.

8 | Hon. Edward M. Chen
United States Magistrate Judge

13 | Submitted by:

14 | Liza Cristol-Deman (SBN 190516)
BRANCART & BRANCART
15 | Post Office Box 686
Pescadero, CA 94060
16 | Tel:   (650) 879-0141
Fax:   (650) 879-1103
17 | lcristoldeman@brancart.com

18 | Attorneys for Plaintiff

[PROPOSED] CASE MANAGEMENT ORDER - CASE NO C-08-01396 EMC