BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  Elizabeth Brancart (SBN 122092)
  Liza Cristol-Deman (SBN 190516)
Post Office Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:   (650) 879-1103
cbrancart@brancart.com
ebrancart@brancart.com
lcristoldeman@brancart.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROJECT SENTINEL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HENRY HALLER, individually and dba HALLER MANAGEMENT COMPANY; and KATHERINE SIMPSON, <br><br> Defendants. | Case No. C 08-01396 EMC <br><br> JOINT CASE MANAGEMENT STATEMENT <br><br> **Case Management Conference:** <br> Date: July 2, 2008 <br> Time: 1:30 p.m. <br> Room: Courtroom C, 15th Floor |

Pursuant to Local Rule 16-9 and the standing order for all judges of the Northern District of California, the parties hereby submit this joint case management statement.

Defendant Katherine Simpson has filed an answer to the complaint through her attorney of record, Paul Utrecht.

Defendant Henry Haller, individually and doing business as Haller Management Company, has not been served with the summons and complaint. Nonetheless, defendant Haller will be filing an answer to the complaint forthwith.

1. **Jurisdiction and Service:**

This Court has federal question jurisdiction over plaintiff's claims under the federal Fair Housing Act, 42. U.S.C. § 3601 et seq., and supplemental jurisdiction over plaintiff's state law claims under the California Fair Employment and Housing Act, California Government Code §§ 12927 and 12955, et seq. ("FEHA").

There are no special issues with respect to venue or personal jurisdiction.

## 2.  Facts:

This is a fair housing case. Plaintiff Project Sentinel, Inc. is a California nonprofit corporation with its primary place of business located in Palo Alto, California. Project Sentinel provides fair housing services throughout San Francisco.

Defendant Katherine Simpson owns the 12-unit apartment building located at 2560 Polk Street in San Francisco (hereafter referred to as the "Polk Street" building). The Polk Street building is a dwelling and a housing accommodation within the meaning of the federal Fair Housing Act and FEHA. Defendant Henry Haller, individually and doing business as Haller Management Company, is the property manager of the Polk Street building and is the managing agent for owner Katherine Simpson.

Plaintiff Project Sentinel brought this action seeking monetary, declaratory and injunctive relief to address discrimination based on familial status in the operation of the Polk Street building. It alleges that defendants have discriminated against families with children by refusing to rent to families with children and making statements indicating a limitation on families with children because of their familial status. Defendants generally deny these allegations.

Plaintiff Project Sentinel alleges that these discriminatory housing practices originally came to light in February 2007, when Project Sentinel received a complaint from a single mother with a small child who alleged that Henry Haller had refused to rent a unit to her at the Polk Street building because of her familial status. In response to that complaint, Project Sentinel conducted fair housing testing. That testing showed that Mr. Haller refused to rent to families with children at the Polk Street building, and made an unequivocal statement to the effect that he "would not rent to someone with a four-year-old child." The testing also showed that testers without children were encouraged to view the unit, while testers with children were discouraged from doing so. Defendants deny these allegations.

Plaintiff Project Sentinel alleges that when it discovered this evidence

corroborating the complainant's report that defendants engage in discriminatory housing practices, Project Sentinel conducted education and outreach efforts to local housing providers and day care operators by distributing fair housing materials.

Defendants deny these allegations.

**3.   Legal Issues:**

Plaintiff contends that defendants committed discriminatory housing practices in violation of the Fair Housing and FEHA by:

A.  Discriminating in the rental of, or otherwise making unavailable or denying, a dwelling to any renter because of familial status (42 U.S.C. § 3604(a); 24 C.F.R. § 100.50(b)(3); Cal. Govt. Code §§ 12955(a), (d) and (k) and 12955.6);

B.  Refusing to negotiate for the rental of a dwelling because of familial status (42 U.S.C. § 3604(a); 24 C.F.R. § 100.60(b)(2); Cal. Govt. Code §§ 12927(c)(1) and § 12955(a), (d) and (k) and 12955.6);

C.  Restricting or attempting to restrict the choices of a person by word or conduct in connection with seeking, negotiating for, or renting a dwelling, because of familial status (42 U.S.C. § 3604(a); 24 C.F.R. § 100.70(a); Cal. Govt. Code §§ 12955(a), (d) and (k) and 12955.6);

D.  Discouraging any person from inspecting or renting a dwelling because of familial status (42 U.S.C. § 3604(a) and (b); 24 C.F.R. § 100.70(c)(1); Cal. Govt. Code §§ 12955(a), (d) and (k) and 12955.6);

E.  Discouraging the rental of a dwelling because of familial status by exaggerating drawbacks or failing to inform any person of desirable features of a dwelling (42 U.S.C. § 3604(a) and (d); 24 C.F.R. § 100.70(c)(1); Cal. Govt. Code §§ 12955(a), (d) and (k) and 12955.6);

F.  Limiting information, by word or conduct, regarding suitably priced dwellings available for inspection or rental because of familial status (42 U.S.C. § 3604(a) and (d); 24 C.F.R. § 100.80(b)(4); Cal. Govt.

1 | Code §§ 12955(a), (d) and (k) and 12955.6);
2 |     G. Providing false or inaccurate information regarding the
3 | availability of a dwelling for rental to any person, including testers,
4 | regardless of whether such person is actually seeking housing, because
5 | of familial status (42 U.S.C. § 3604(d); 24 C.F.R. § 100.80(b)(5); Cal.
6 | Govt. Code §§ 12955(a), (d) and (k) and 12955.6); and
7 |     H. Making statements with respect to the rental of a dwelling that
8 | indicate a preference, limitation, or discrimination based on familial status,
9 | or an intention to make any such preference, limitation, or discrimination
10 | (42 U.S.C. § 3604(c); 24 C.F.R. § 100.75; Cal. Govt. Code §§ 12955(c)
11 | and 12955.6).
12 | Defendants deny these contentions.
13 | Plaintiff Project Sentinel contends that it has standing to assert a violation of the
14 | Fair Housing Act and FEHA on its own behalf. A fair housing organization, such as
15 | Project Sentinel, qualifies as an "aggrieved person" under both the federal and state
16 | laws for purposes of bringing suit if it alleges that it has been injured by a discriminatory
17 | housing practice. <u>Fair Housing of Marin v. Combs</u>, 285 F.3d 899, 905 (9th Cir. 2002);
18 | <u>Sisemore v. Master Financial, Inc.</u>, 151 Cal. App.4th 1386, 1424 (2007). Direct standing
19 | to sue is accorded to a fair housing organization that shows a drain on its resources or
20 | frustration of its mission because of a defendant's discriminatory housing practices.
21 | <u>Fair Housing of Marin</u>, 285 F.3d at 905.
22 | Defendants dispute plaintiff's contention regarding standing.
23 | **4.** **Motions:**
24 | There are no motions pending, and no motions have been brought to date.
25 | **5.** **Amendment of Pleadings:**
26 | Plaintiff does not contemplate a need to amend the pleadings at this time, but
27 | reserves the right to do so should additional information be discovered that supports
28 | amendment.

1 | The parties stipulate to a deadline of December 12, 2008, to amend the
2 | pleadings.

**6. Evidence Preservation:**

The parties are aware of the duty to preserve all documents and things relevant to the facts alleged in this case.

**7. Disclosures:**

Plaintiff intends to serve its initial disclosures on June 25, 2008, in light of the Court's order continuing the case management conference to July 2, 2008.

Defendant Haller intends to serve his initial disclosures by July 2, 2008. Defendant Simpson is 82 years old, and is presently staying near Clear Lake, California, and will not return to San Francisco (where her home office is located) until July 11. Defendant Simpson intends to serve her initial disclosure by July 15.

Plaintiff plans to take depositions of defendants Henry Haller and Katherine Simpson. If the case does not reach an early resolution, plaintiff may take a limited number of other depositions of relevant witnesses.

Defendants intend to take the depositions of relevant witnesses, including those identified by Plaintiff in its initial disclosure.

The parties do not believe there is good cause to modify the rules governing the maximum number of discovery requests and depositions.

**8. Class Actions:**

Not applicable.

**9. Related Cases:**

None.

**10. Relief:**

Plaintiff seeks compensatory damages, punitive damages, injunctive relief, declaratory relief, and an award of attorneys' fees and costs if it is the prevailing party. Plaintiff's damages are calculated based on the diversion of its resources and frustration of its mission. See Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th

Cir. 2002); Sisemore v. Master Financial, Inc.,151 Cal. App.4th 1386, 1424 (2007)

**11.    Settlement and ADR:**

The Court has set a phone conference for this July 1 to discuss ADR options.

Plaintiff believes that the most effective method of resolving fair housing cases such as this one is by referral to a magistrate judge for an early settlement conference. If no referral to a magistrate judge is ordered, plaintiff requests mediation.

Defendants prefer that the case be referred to private mediation. However, Pursuant to the request of defendants' counsel, made in April 2008, plaintiff sent defendants' counsel a written settlement demand on May 12, 2008. Plaintiff has not received any response from defendants.

**12.    Consent to Magistrate Judge for All Purposes:**

On June 10, 2008, plaintiff filed a form consenting to assignment to a magistrate judge.

Defendants do not consent to assignment to a magistrate judge, and will be filing a form to that effect.

**13.    Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues:**

Plaintiff contemplates serving requests for admissions or other discovery in order to determine whether there are critical facts that are not in dispute. If so, plaintiff anticipates filing a motion for partial summary judgment.

Defendants reserve the right to move for summary judgment.

**15.    Expedited Schedule:**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

///

///

16. **Scheduling:**

| Event | Date |
|---|---|
| Expert designation | April 10, 2009 |
| Rebuttal expert designation | May 22, 2009 |
| Non expert Discovery Cut Off | June 19, 2009 |
| Expert Discovery Cut Off | July 17, 2009 |
| Hearing of Dispositive Motions | Wednesday, July 29, 2009 |
| Pretrial Conference | Wednesday, August 19, 2009 |
| Trial | September 2009 |

17. **Trial:**

Defendant Katherine Simpson has requested a jury trial. The parties anticipate that the trial will last approximately four days.

18. **Disclosure of Non-party Interested Entities or Persons.**

Plaintiff has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16. (Doc. 1, p. 9.) In that certification, plaintiff stated: "Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

Defendants will file the same form, to the same effect as plaintiff's form.

19. **Other:**

In light of defendants' refusal to participate in the Rule 26(f) meeting and to assist in the preparation of joint documents, plaintiff previously requested an order of the Court permitting plaintiff to serve discovery before the Rule 26(f) meeting of counsel. A proposed order was filed with plaintiff's separate case management statement on June 24, 2008.

///

///

1  Defendants object to plaintiff's request.

2  Also, defendants are investigating whether or not defendants may have
3  insurance coverage for the claims made by plaintiff.

4  Dated: June 25, 2008.

5  Respectfully submitted,

6  BRANCART & BRANCART

7

8
   /s/ Liza Cristol-Deman
9  Liza Cristol-Deman
   Attorneys for Plaintiff
10

11 Dated: June 25, 2008.

12 Respectfully submitted,

13 ZACKS UTRECHT & LEADBETTER, P.C.

14

15 /s/ Paul F. Utrecht
   Paul F. Utrecht
16 Attorneys for Defendants