BRANCART & BRANCART
 Christopher Brancart (SBN 128475)
 Elizabeth Brancart (SBN 122092)
 Liza Cristol-Deman (SBN 190516)
Post Office Box 686
Pescadero, CA 94060
Tel:    (650) 879-0141
Fax:    (650) 879-1103
cbrancart@brancart.com
ebrancart@brancart.com
lcristoldeman@brancart.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PROJECT SENTINEL, INC.,** | **Case No. C 08-01396 PJH** |
| **Plaintiff,** | **UPDATED JOINT CASE MANAGEMENT STATEMENT** |
| **vs.** | **Case Management Conference:** |
| **HENRY HALLER, individually and dba HALLER MANAGEMENT COMPANY; and KATHERINE SIMPSON,** | Date:  July 10, 2008<br>Time: 2:30 p.m.<br>Room:  Courtroom 3, 17th Floor |
| **Defendants.** | |

Pursuant to Local Rule 16-9 and the standing order for all judges of the Northern District of California, the parties hereby submit this updated joint case management statement.

## 1.    Jurisdiction and Service:

This Court has federal question jurisdiction over plaintiff's claims under the federal Fair Housing Act, 42. U.S.C. § 3601 et seq., and supplemental jurisdiction over plaintiff's state law claims under the California Fair Employment and Housing Act, California Government Code §§ 12927 and 12955, et seq. ("FEHA").

Both defendants have filed answers to the complaint.

There are no special issues with respect to venue or personal jurisdiction.

## *2.*    Facts:

This is a fair housing case.  Plaintiff Project Sentinel, Inc. is a California nonprofit

1  corporation with its primary place of business located in Palo Alto, California.  Project
2  Sentinel provides fair housing services throughout San Francisco.

3       Defendant Katherine Simpson owns the 12-unit apartment building located at
4  2560 Polk Street in San Francisco (hereafter referred to as the "Polk Street" building).
5  The Polk Street building is a dwelling and a housing accommodation within the meaning
6  of the federal Fair Housing Act and FEHA.  Defendant Henry Haller, individually and
7  doing business as Haller Management Company, is the property manager of the Polk
8  Street building and is the managing agent for owner Katherine Simpson.

9       Plaintiff Project Sentinel brought this action seeking monetary, declaratory and
10 injunctive relief to address discrimination based on familial status in the operation of the
11 Polk Street building.  It alleges that defendants have discriminated against families with
12 children by refusing to rent to families with children and making statements indicating a
13 limitation on families with children because of their familial status.  Defendants
14 generally deny these allegations.

15      Plaintiff Project Sentinel alleges that these discriminatory housing practices
16 originally came to light in February 2007, when Project Sentinel received a complaint
17 from a single mother with a small child who alleged that Henry Haller had refused to
18 rent a unit to her at the Polk Street building because of her familial status.  In response
19 to that complaint, Project Sentinel conducted fair housing testing.  That testing showed
20 that Mr. Haller refused to rent to families with children at the Polk Street building, and
21 made an unequivocal statement to the effect that he "would not rent to someone with a
22 four-year-old child."  The testing also showed that testers without children were
23 encouraged to view the unit, while testers with children were discouraged from doing
24 so.  Defendants deny these allegations.

25      Plaintiff Project Sentinel alleges that when it discovered this evidence
26 corroborating the complainant's report that defendants engage in discriminatory
27 housing practices, Project Sentinel conducted education and outreach efforts to local
28 housing providers and day care operators by distributing fair housing materials.

3.    **Legal Issues:**

Plaintiff contends that defendants committed discriminatory housing practices in violation of the Fair Housing and FEHA by:

A.  Discriminating in the rental of, or otherwise making unavailable or denying, a dwelling to any renter because of familial status (42 U.S.C. § 3604(a); 24 C.F.R. § 100.50(b)(3); Cal. Govt. Code §§ 12955(a), (d) and (k) and 12955.6);

B.  Refusing to negotiate for the rental of a dwelling because of familial status (42 U.S.C. § 3604(a); 24 C.F.R. § 100.60(b)(2); Cal. Govt. Code §§ 12927(c)(1) and § 12955(a), (d) and (k) and 12955.6);

C.  Restricting or attempting to restrict the choices of a person by word or conduct in connection with seeking, negotiating for, or renting a dwelling, because of familial status (42 U.S.C. § 3604(a); 24 C.F.R. § 100.70(a); Cal. Govt. Code  §§ 12955(a), (d) and (k) and 12955.6);

D.  Discouraging any person from inspecting or renting a dwelling because of familial status (42 U.S.C. § 3604(a) and (b); 24 C.F.R. § 100.70(c)(1); Cal. Govt. Code §§ 12955(a), (d) and (k) and 12955.6);

E.  Discouraging the rental of a dwelling because of familial status by exaggerating drawbacks or failing to inform any person of desirable features of a dwelling (42 U.S.C. § 3604(a) and (d); 24 C.F.R. § 100.70(c)(1); Cal. Govt. Code §§ 12955(a), (d) and (k) and 12955.6);

F.  Limiting information, by word or conduct, regarding suitably priced dwellings available for inspection or rental because of familial status (42 U.S.C. § 3604(a) and (d); 24 C.F.R. § 100.80(b)(4); Cal. Govt. Code §§ 12955(a), (d) and (k) and 12955.6);

G.  Providing false or inaccurate information regarding the availability of a dwelling for rental to any person, including testers, regardless of whether such person is actually seeking housing, because

1  of familial status (42 U.S.C. § 3604(d); 24 C.F.R. § 100.80(b)(5); Cal.

2  Govt. Code §§ 12955(a), (d) and (k) and 12955.6); and

3      H.  Making statements with respect to the rental of a dwelling that

4  indicate a preference, limitation, or discrimination based on familial status,

5  or an intention to make any such preference, limitation, or discrimination

6  (42 U.S.C. § 3604(c); 24 C.F.R. § 100.75; Cal. Govt. Code §§ 12955(c)

7  and 12955.6).

8      Defendants deny these contentions.

9      Plaintiff Project Sentinel contends that it has standing to assert a violation of the

10  Fair Housing Act and FEHA on its own behalf.  A fair housing organization, such as

11  Project Sentinel, qualifies as an "aggrieved person" under both the federal and state

12  laws for purposes of bringing suit if it alleges that it has been injured by a discriminatory

13  housing practice.  Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002);

14  Sisemore v. Master Financial, Inc.,151 Cal. App.4th 1386, 1424 (2007).  Direct standing

15  to sue is accorded to a fair housing organization that shows a drain on its resources or

16  frustration of its mission because of a defendant's discriminatory housing practices.

17  Fair Housing of Marin, 285 F.3d at 905.

18      Defendants dispute plaintiff's contention regarding standing.

19      **4.    Motions:**

20      There are no motions pending, and no motions have been brought to date.

21      **5.    Amendment of Pleadings:**

22      Plaintiff does not contemplate a need to amend the pleadings at this time, but

23  reserves the right to do so should additional information be discovered that supports

24  amendment.

25      The parties stipulate to a deadline of December 12, 2008, to amend the

26  pleadings.

27      **6.    Evidence Preservation:**

28      The parties are aware of the duty to preserve all documents and things relevant

1    to the facts alleged in this case.

2    **7.    Disclosures:**

3    Plaintiff served its initial disclosures on June 25, 2008.

4    Defendant Haller intends to serve his initial disclosures by July 10, 2008.

5    Defendant Simpson is 82 years old, and is presently staying near Clear Lake,

6    California, and will not return to San Francisco (where her home office is located) until

7    July 11.  Defendant Simpson intends to serve her initial disclosure by July 15.

8    Plaintiff plans to take depositions of defendants Henry Haller and Katherine

9    Simpson.  If the case does not reach an early resolution, plaintiff may take a limited

10    number of other depositions of relevant witnesses.

11    Defendants intend to take the depositions of relevant witnesses, including those

12    identified by Plaintiff in its initial disclosure.

13    The parties do not believe there is good cause to modify the rules governing the

14    maximum number of discovery requests and depositions.

15    **8.    Class Actions:**

16    Not applicable.

17    **9.    Related Cases:**

18    None.

19    **10.    Relief:**

20    Plaintiff seeks compensatory damages, punitive damages, injunctive relief,

21    declaratory relief, and an award of attorneys' fees and costs if it is the prevailing party.

22    Plaintiff's damages are calculated based on the diversion of its resources and

23    frustration of its mission.  See Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th

24    Cir. 2002); Sisemore v. Master Financial, Inc.,151 Cal. App.4th 1386, 1424 (2007)

25    **11.    Settlement and ADR:**

26    The Court has set a phone conference for July 7, 2008 to discuss ADR options.

27    Plaintiff believes that the most effective method of resolving fair housing cases

28    such as this one is by referral to a magistrate judge for an early settlement conference.

If no referral to a magistrate judge is ordered, plaintiff requests mediation.

Defendants prefer that the case be referred to private mediation.

Pursuant to the request of defendants' counsel, made in April 2008, plaintiff sent defendants' counsel a written settlement demand on May 12, 2008.  Plaintiff has not received any response from defendants.

**12.    Consent to Magistrate Judge for All Purposes:**

On June 10, 2008, plaintiff filed a form consenting to assignment to a magistrate judge.

Defendants do not consent to assignment to a magistrate judge, and filed a form to that effect.

**13.    Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues:**

Plaintiff contemplates serving requests for admissions or other discovery in order to determine whether there are critical facts that are not in dispute.  If so, plaintiff anticipates filing a motion for partial summary judgment.

Defendants reserve the right to move for summary judgment.

**15.    Expedited Schedule:**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**16.    Scheduling:**

| Event | Date |
|---|---|
| Expert designation | April 10, 2009 |
| Rebuttal expert designation | May 22, 2009 |
| Non expert Discovery Cut Off | June 19, 2009 |
| Expert Discovery Cut Off | July 17, 2009 |
| Hearing of Dispositive Motions | Wednesday, July 29, 2009 |

| Pretrial Conference | Wednesday, August 19, 2009 |
|---------------------|----------------------------|
| Trial | September 2009 |

### 17.    Trial:

Defendant Katherine Simpson has requested a jury trial.  The parties anticipate that the trial will last approximately four days.

### 18.    Disclosure of Non-party Interested Entities or Persons.

Plaintiff has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16.  (Doc. 1, p. 9.)  In that certification, plaintiff stated:  "Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

Defendants will file the same form, to the same effect as plaintiff's form.

### 19.    Other:

Defendants are investigating whether or not defendants may have insurance coverage for the claims made by plaintiffs.

Dated:  July 3, 2008.

Respectfully submitted,

BRANCART & BRANCART


/s/ Liza Cristol-Deman
Liza Cristol-Deman
Attorneys for Plaintiff

Dated:  July 3, 2008.


Respectfully submitted,

ZACKS UTRECHT & LEADBETTER, P.C.


/s/ Paul F. Utrecht
Paul F. Utrecht
Attorneys for Defendants